1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

8   GAYLE A. KERN; GAYLE A KERN, LTD,         )
9                   Plaintiffs,                )
                                               )
10        v.                                    )        3:11-cv-296-RCJ-PAL
                                               )
11  SHERYL MOULTON,                            )        **ORDER**
                                               )
12                  Defendant.                  )
                                               )
13  _____        )
14
15        This case involves claims of abuse of process, defamation, business disparagement,
16  and false light, all relating to actions taken by the defendant after the plaintiff (an attorney)
17  foreclosed on her condominium.  Two motions are currently pending before this Court, both
18  of which request the Court to quash service of process, dismiss the complaint, or transfer the
19  case to the Northern District of California.  For the reasons set forth below, both of the
20  defendant's motions to quash, dismiss, or transfer are denied.

21                                **BACKGROUND**

22        Plaintiff Gayle A. Kern, a Nevada resident, is an attorney and sole owner of Gayle A.
23  Kern, Ltd., a Nevada limited liability company doing business as Kern & Associates.  (Compl.
24  (#1) at 1).  Kern represents various homeowners, condominium associations, and their boards
25  of directors, including Lakeside Plaza Condominium Association ("Lakeside Plaza") and Salem
26  Plaza Condominium Association ("Salem Plaza").  (Compl. (#1) at 1; Opp'n to Mot. to Quash,
27  Dismiss, or Transfer (#22) at 1-2).  Part of her legal duties in representing these clients is to
28  initiate foreclosure proceedings on their behalf.  (Opp'n to Mot. to Quash, Dismiss, or Transfer
    (#22) at 2).  Defendant Sheryl Moulton, a resident of California, was a property owner and

member of Lakeside Plaza and Salem Plaza and became delinquent on payments owed to the associations. (Compl. (#1) at 2; Opp'n to Mot. to Quash, Dismiss, or Transfer (#22) at 2). As a result, Kern was asked to initiate proceedings against Defendant's properties. (Opp'n to Mot. to Quash, Dismiss, or Transfer (#22) at 2).

Aggrieved by these actions, Moulton filed five separate lawsuits in federal court against Kern. (*Id.* at 2). The first was filed on November 20, 2007 in the Federal District Court of Northern California, but it was subsequently transferred to the District of Nevada because of the direct and extensive relationship between the claims and the State of Nevada. (*Id.*; Compl. (#1) at 3). All claims in the first action were dismissed on November 29, 2010. (Compl. (#1) at 3). Between May of 2008 and February of 2011, Moulton filed four additional lawsuits in this Court against Kern, all of which were dismissed. (*Id.* at 3-4). In the most recent action filed on February 7, 2011 ("*Moulton V*"), Kern filed counterclaims against Moulton for abuse of process, business disparagement, and false light.[1] (Opp'n to Mot. to Quash, Dismiss, or Transfer (#22) at 2-3). *Moulton V* however was dismissed on March 11, 2011 before Kern's counterclaims were considered. (*Id.* at 3).

Plaintiff then filed this complaint in the District of Nevada under diversity jurisdiction on April 26, 2011, alleging five causes of action. (Compl. (#1)). The first cause of action alleges abuse of process and malicious prosecution based on the five actions Defendant filed against Plaintiff over the past four years. (*Id.* at 5). The second cause of action alleges defamation per se, claiming Defendant published false and defamatory statements regarding Plaintiff. (*Id.* at 5-6). The third cause of action is for business disparagement, and alleges Defendant published false and disparaging statements concerning Gayle A. Kern, Ltd. (*Id.* at 6). The fourth cause of action alleges Defendant has publicly placed Kern in a false light that would be highly offensive and objectionable to a reasonable person. (*Id.* at 7). Finally, the fifth cause of action seeks injunctive relief directing Defendant to "re-tract the statements she made about Kern and to prohibit Defendant from publishing further false and defamatory statements

---

[1] *Moulton V* refers to Case No. 3:11-cv-00087-RCJ-RAM.

1   about Kern in the future." (*Id.*).  Plaintiff further seeks general, special, and punitive damages

2   in excess of $75,000 resulting from Defendant's conduct.

3        After filing the complaint, Plaintiff attempted to perfect service of process by procuring

4   the assistance of the Santa Cruz County Sheriff's Office and the Monterey County Sheriff's

5   Office, but these attempts were ineffective.  (Opp'n to Mot. to Quash, Dismiss, or Transfer

6   (#22) at 4).  Plaintiff then petitioned this Court for an order allowing service of process by

7   publication pursuant to Fed. R. Civ. P. 4(e)(1) and Nev. R. Civ. P. 4(e)(1)(i).  (Mot. for Service

8   by Publication (#18)).  This petition was granted on June  15, 2011 and Plaintiff published

9   summons in the *Reno Gazette Journal* and the *Santa Cruz Sentinel*.  (Order (#19); Proof of

10  Publication (#22-1)).

11       On July 22, 2011, Defendant (who is appearing *pro se*) filed a motion to quash service,

12  dismiss the complaint, or transfer the case to the Northern District of California ("First Motion").

13  (First Motion (#21)).  Defendant makes numerous arguments for dismissal in her First Motion,

14  including: (a) the court lacks personal jurisdiction over her under Rule 12(b)(2); (b) service of

15  process by Plaintiff was defective and insufficient under Rules 12(b)(4) & (5); (c) venue is

16  improper under Rule 12(b)(3); (d) the Court lacks subject matter jurisdiction under Rule

17  12(b)(1); and (e) the complaint fails to state a claim under Rule 12(b)(6).  (*Id.* at 2).  Plaintiff

18  timely responded to this motion on July 29, 2011.  (First Motion (#22)).

19       Defendant then filed a second motion to quash, dismiss, or transfer the case ("Second

20  Motion") on August 24, 2011.  (Second Motion (#29)).  The Second Motion proposes to

21  "correct inadvertent typographical errors and to provide clarification of issues." (*Id.* at 1).  The

22  substance of the Second Motion is virtually the same as the First Motion and asserts the same

23  arguments with minor changes.  Defendant never sought leave of the Court to amend the First

24  Motion.

25                                    **DISCUSSION**

26  **I.    Defendant's First Motion to Quash, Dismiss, or Transfer**

27       Defendant has made numerous arguments in her First Motion as to why the complaint

28  should be dismissed or transferred.  Each argument will be discussed in turn.

3

**A.** **Lack of Personal Jurisdiction (Rule 12(b)(2))**

First, Defendant argues that the complaint must be dismissed because this Court lacks personal jurisdiction over her.  (First Motion (#21) at 10-11).  Under Fed. R. Civ. P. 12(b)(2), a defendant may move to dismiss an action for lack of personal jurisdiction.  Jurisdiction exists if: (1) provided for by law; and (2) the exercise of jurisdiction comports with due process.  *See Greenspun v. Del E. Webb Corp.*, 634 F.2d 1204, 1207 (9th Cir. 1980).  Where a forum state's long-arm statute provides its courts jurisdiction to the fullest extent of the Due Process Clause of the Fourteenth Amendment, such as Nevada's does, *see Arbella Mut. Ins. Co. v. Eighth Judicial Dist. Court*, 134 P.3d 710, 712 (Nev. 2006) (citing Nev. Rev. Stat. § 14.065), a court need only apply federal due process standards, *see Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008).[2]

There are two categories of personal jurisdiction: general jurisdiction and specific jurisdiction.  General jurisdiction exists over a defendant who has "substantial" or "continuous and systematic" contacts with the forum state such that the assertion of personal jurisdiction over him is constitutionally fair even where the claims are unrelated to those contacts.  *See Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1171 (9th Cir. 2006) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U .S. 408, 415 (1984)).  For example, a state court would have general jurisdiction over the state's own residents.  *Planning Grp. Of Scottsdale, LLC v. Lake Mathews Mineral Properties, Ltd.*, 246 P.3d 343, 346 ¶ 13 (Ariz. 2011) (citing *Milliken v. Meyer*, 311 U.S. 457, 462 (1940)).

Specific jurisdiction exists when there are sufficient minimal contacts with the forum state such that the assertion of personal jurisdiction "does not offend 'traditional notions of fair

---

[2] Nevada's long-arm rule restricts extra-territorial jurisdiction to the limits of both the U.S. and Nevada Constitutions. *See* Nev. Rev. Stat. § 14.065(1). However, Nevada's due process clause is textually identical to the federal clause in relevant respects, *see* Nev. Const. art. 1, § 8(5), and the Nevada Supreme Court reads the state clause as coextensive with the federal clause, *see, e.g., Wyman v. State*, 217 P.3d 572, 578 (Nev. 2009).

play and substantial justice.' " *Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945) (quoting *Milliken*, 311 U.S. at 463).  The Ninth Circuit has developed a three-part test for specific jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Boschetto*, 539 F.3d at 1016 (quoting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004)).

In the present case, the first element is satisfied because Defendant purposely prosecuted five separate legal proceedings within the District of Nevada against Plaintiff, a Nevada Resident.  The second element is also met because Plaintiff's claim arises out of and relates to these activities, as Plaintiff asserts that those filings were an abuse of process. Finally, the third element is satisfied because exercising jurisdiction over Defendant comports with fair play and substantial justice.  Defendant submitted multiple filings against Plaintiff in this Court and now Plaintiff has filed a claim in this same Court against Defendant, alleging those filings were an abuse of process.  It is not unreasonable for the District of Nevada to exercise jurisdiction over a Defendant who has so often availed herself of this Court and the present claims against her directly relate to that availment.

For the above reasons, the Court finds it has personal jurisdiction over Defendant.

**B.    Defective Process and Service of Process (Rules 12(b)(4) & (5))**

Defendant further argues that the complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(4) & (5) because the process and service of process was insufficient.  (First Motion (#21) at 9-10).  Specifically, Defendant argues she never received a copy of the complaint and learned of this proceeding by chance through the *Reno Gazette Journal*.  (*Id.* at 9).

1
2
3
4
5
6
7
8
9
10

Fed. R. Civ. P. 4(e) allows a person to be served by following state law for service of process.  Nev. R. Civ. P. 4(e)(1) permits service through publication "when the person on whom service is to be made resides out of the state, or has departed from the state, or cannot, after due diligence, be found within the state, or by concealment seeks to avoid the service of summons, and the fact shall appear, by affidavit, to the satisfaction of the court or judge thereof."  This Court previously acknowledged Plaintiff's diligence in attempting to serve Defendant and issued an order permitting Plaintiff to serve process by publication in the *Reno Gazette Journal* and the *Santa Cruz Sentinel*.  (Order (#19).  Plaintiff complied with Nevada procedure and this Court's order, and accordingly Defendant's argument that the complaint should be dismissed under Rules 12(b)(4) & (5) lacks merit.

11

### C.    Improper Venue (12(b)(3))

12
13
14
15
16
17
18
19
20

Defendant next argues the complaint should be dismissed because venue in this Court is improper.  (First Motion (#21) at 11).  A party may move for dismissal for improper venue under Fed. R. Civ. P. 12(b)(3).  A district court determining that venue is improper has a choice between dismissal or transfer to a district where venue properly lies.  28 U.S.C. § 1406(a).  When a court makes a determination of venue pursuant to a Rule 12(b)(3) motion, the well-pled allegations of the complaint are taken as true, and any evidence submitted by the non-movant in opposition to the Rule 12(b)(3) motion is viewed in the light most favorable to the non-movant.  *Ginter ex rel. Ballard v. Belcher, Prendergast & Laporte*, 536 F.3d 439, 448–49 (5th Cir.2008).  Venue is proper in:

21
22
23

(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

24

28 U.S.C. § 1391(a).

25
26
27
28

Defendant filed five actions against Plaintiff in the District of Nevada and Plaintiff now asserts those actions were an abuse of process.  Because a substantial part of the events giving rise to Plaintiff's claim (Defendant's prior legal actions) occurred in the District of

1  Nevada, venue in this District is proper.

2        **D.**     **Lack of Subject Matter Jurisdiction (12(b)(1))**

3        Defendant next argues the complaint should be dismissed pursuant to Fed. R. Civ. P.

4  12(b)(1) for lack of subject matter jurisdiction.  (First Motion (#21) at 12).  District courts have

5  original jurisdiction over suits between citizens of different states where the matter in

6  controversy exceeds the sum or value of $75,000.  *See* 28 U.S.C. § 1332(a).  However,

7  section 1332 requires complete diversity, i.e., every plaintiff must be diverse from every

8  defendant.  *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 82 (2005) (citing *Strawbridge v.*

9  *Curtiss*, 7 U.S. 267 (1806)).  For purposes of diversity jurisdiction, a corporation is a citizen

10  both of its state of incorporation and the state where its headquarters is located.  *Hertz Corp.*

11  *v. Friend*, ___ U.S. ___, 130 S.Ct. 1181, 1188, 1192 (2010). For a natural person, domicile

12  can be established by presence (residence) plus intent to remain permanently or indefinitely.

13  *See Lew v. Moss*, 797 F.2d 747, 749-50 (9th Cir. 1986).

14        "Indefinite" means something different from "permanent."  "[P]roof of intent to remain

15  permanently is not the test for domicile.  Rather, if the new state is to be one's home for an

16  indefinite period of time, he has acquired a new domicile."  *Frett-Smith v. Vanterpool*, 511 F.3d

17  396, 402 (3d Cir. 2008) (citation and internal quotation marks omitted).  In other words, when

18  a natural person has not forsaken a previous state of residence but does not know when he

19  will return, he has established a new domicile in his current state of residence.

20        Plaintiff Gayle A. Kern is a resident of Nevada and Plaintiff Gayle A. Kern, Ltd., is a

21  Nevada limited liability company doing business in the State of Nevada. (Compl. (#1) at 1).

22  Defendant by her own admission is a California resident and apparently has no intent to

23  remove herself to another state. (First Motion (#21) at 11).  Plaintiff has plead an amount of

24  damages in excess of $75,000. (Compl. (#1) at 8).  The Court accordingly has subject matter

25  jurisdiction over this case.

26        **E.**     **Failure to State a Claim (12(b)(6))**

27        Defendant also asserts that Plaintiff has failed to state a claim upon which relief can be

28  granted and seeks to dismiss the action pursuant to Fed. R. Civ. P. 12(b)(6).  (First Motion

(#21) at 12-13).  The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  "[T]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (quotations omitted).

To avoid a Rule 12(b)(6) dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face."  *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009).  Although detailed factual allegations are not required, the factual allegations "must be enough to raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  All well-pleaded factual allegations will be will be accepted as true and all reasonable inferences that may be drawn from the allegations must be construed in the light most favorable to the nonmoving party.  *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003).

Defendant's chief contention as to why Plaintiff has failed to state a claim is that the claim is barred by the doctrine of res judicata because the complaint offers the same legal issues Plaintiff previously presented in *Moulton V*.  (First Motion (#21) at 8, 13).  Res judicata is a legal theory which bars claims that were raised in a prior action from being litigated in a subsequent action.  *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001).  To trigger the doctrine of res judicata, the previous suit must have (1) involved the same "claim" or cause of action as the later suit, (2) reached a final judgment on the merits, and (3) involved identical parties or privies.  *Mpoyo v. Litton Electric-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005).

Plaintiff's claim does not satisfy the elements of res judicata because there was never a final judgment on the counterclaims Plaintiff asserted in *Moulton V*.  (Order (*Moulton V* #42)).  This Court never addressed Kern's counterclaims when it dismissed *Moulton V*.  (*Id.*).  The

order in *Moulton V* further specifically stated that Kern's counterclaims were dismissed without prejudice.  (*Id.* at 2).  Because there was never a judgment on the merits on Plaintiff's counterclaims and they were dismissed by this Court without prejudice, res judicata does not prevent Plaintiff from now asserting these claims.

### F.     Motion to Transfer (28 U.S.C § 1404(a))

Defendant further argues the case should be transferred to the District of Northern California on the ground of forum non conveniens.  (First Motion (#21) at 12).  Title 28 U.S.C § 1404(a) provides: "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  The relevant factors the Court must consider in transferring a matter for forum non conveniens are: "(1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interests of justice." *Miracle Blade, LLC v. Ebrands Commerce Grp.*, LLC, 207 F.Supp.2d 1136, 1155-56 (D. Nev. 2002).

Regarding the convenience of the parties, Defendant claims she resides in California and that it would be an undue financial hardship and burden for her to travel to Nevada.  (First Motion (#21) at 12).  However, this did not seem to be a concern for her when she filed *Moulton V* less than three months before Plaintiff filed her complaint.  (*See* Compl. (*Moulton V* #1)).  This factor therefore weighs against transfer.

The convenience of the witnesses also weighs against transfer.  Defendant claims most of her witnesses are California residents while Plaintiff contends most of Plaintiff's witnesses are residents of Washoe County, Nevada.  (First Motion (#21) at 12; Opp'n to First Motion (#22) at 7).  Because Defendant's lawsuits arose out of a foreclosure in Nevada and the abuse of process claims were prosecuted in the District of Nevada, it would seem that most of the witnesses would be residents of Nevada.  Furthermore, Defendant spends a great deal of time expounding on the injustices which occurred to her in Nevada and never describes a single event which occurred in California or a witness who may be located there.  (See First Motion (#21) at 4-8; Reply (#23) at 11-13).  For these reasons, this factor weighs against transfer.

Finally, the interests of justice additionally weighs against transfer.  Defendant

9

1   prosecuted five actions in this Court, and Plaintiff now brings claims against Defendant in this

2   Court arising out of those five actions.  Defendant has also failed to show why continuing the

3   case in this District would be an undue hardship.  She prosecuted her five previous actions in

4   this Court without any undue burden and has not shown that her circumstances have changed

5   since that time.  Defendant has likewise not shown that there are any relevant witnesses in

6   California that could not be compelled to testify in Nevada.

7           Because all three factors weigh against transfer, Defendant's request to transfer is

8   denied.

9   **II.     Defendant's Second Motion to Quash, Dismiss, or Transfer**

10          Defendant has also filed an additional motion to quash service, dismiss the complaint,

11  or transfer the case to the Northern District of California.  (Second Motion (#29)).  Defendant

12  filed the Second Motion as a motion, but in reality it is merely an amendment to her First

13  Motion, and was intended to correct minor errors and clarify the issues.  (*Id.* at 1).

14          Under Fed. R. Civ. Pro. 15(a)(1)(A), a party is allowed, as a matter of course, to amend

15  its pleading once within 21 days after serving it.  Even after a responsive pleading has been

16  filed, under Fed. R. Civ. Pro. 15(a)(1)(B) a party is still permitted to amend its pleading one

17  time so long as it is amended within 21 days after the responsive pleading was served.

18  Outside these circumstances, a party must petition the court for leave to amend its pleadings.

19  FED. R. CIV. P. 15(a)(2).  The court should freely give leave to amend when justice so requires.

20  *Id.*  However, leave to amend need not be granted when the proposed amendment would be

21  futile or subject to dismissal.  *See Forman v. Davis*, 371 U.S. 178, 182 (1962).

22          Defendant's Second Motion is denied for two reasons.  First, Plaintiff filed a responsive

23  pleading to the First Motion on July 29, 2011.  Under Rule 15(a)(1)(B), Defendant had until

24  August 19, 2011 to amend her pleading without seeking leave of the Court.  The Second

25  Motion was filed on August 24, 2011, after the deadline, and therefore Defendant was required

26  to seek leave of the court, which she failed to do.

27          The second reason Defendant's Second Motion is denied is because the Second

28  Motion is substantively the same as the First Motion.  As Defendant's First Motion lacked

1   merit,  the  Second  Motion—which  makes  the  same  arguments  with  only  minor

2   changes—similarly lacks merit.  Allowing the amendment would make no difference to the

3   determination of this case and would be futile.

4        For these reasons, Defendant's Second Motion (#29) is denied.

5                                **CONCLUSION**

6        For the foregoing reasons, IT IS ORDERED that all of the various motions contained

7   within Defendant's first motion to quash, dismiss, or transfer (#21) are denied.

8        IT IS FURTHER ORDERED that Defendant's second motion to quash, dismiss, or

9   transfer (#29) is denied as allowing amendment would be both improper and futile.

10

11       DATED: This 7th day of December, 2011.

12

13   _____

14   United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                   11