FILED_____    _____RECEIVED
_____ENTERED       _____SERVED ON
        COUNSEL/PARTIES OF RECORD

MAY 1 1 2012

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____
                            DEPUTY

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

GAYLE A. KERN, individually, and GAYLE
A. KERN, LTD., doing business as KERN &
ASSOCIATES, a Nevada limited liability
company,

        Plaintiffs,

    v.

SHERYL MOULTON, and DOES 1 through
10, inclusive,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

3:11-cv-296-RCJ-PAL

**ORDER**

    This abuse of process and defamation suit was brought by Plaintiffs Gayle A. Kern and

Gayle A. Kern, Ltd. (collectively "Kern") in response to numerous suits filed and defamatory

statements made by Defendant Sheryl Moulton.  Currently before this Court are Moulton's

motion to proceed anonymously (#42), motion to dismiss (#45), and motion for disqualification

(#47).  For the following reasons, Moulton's motions to proceed anonymously (#42) and for

disqualification (#47) are denied.  Moulton's motion to dismiss (#45) however is granted in part

and denied in part.

## BACKGROUND

    Plaintiff Gayle A. Kern, a Nevada resident, is an attorney and sole owner of Gayle A.

Kern, Ltd., a Nevada limited liability company doing business as Kern & Associates.  (Compl.

(#1) at 1).  Kern represents various homeowners, condominium associations, and their boards

of directors, including Lakeside Plaza Condominium Association ("Lakeside Plaza") and Salem

Plaza Condominium Association ("Salem Plaza").  (Compl. (#1) at 1; Opp'n to Mot. to Proceed

1   Anonymously (#44) at 2).  Part of her legal duties in representing these clients is to initiate

2   foreclosure proceedings on their behalf. (Opp'n to Mot. to Proceed Anonymously (#44) at 2).

3   Defendant Sheryl Moulton, a resident of California, was a property owner and member of

4   Lakeside Plaza and Salem Plaza and became delinquent on payments owed to the

5   associations.  (Compl. (#1) at 2; Opp'n to Mot. to Proceed Anonymously (#44) at 2).  As a

6   result, Kern was asked to initiate proceedings against Moulton's properties. (Opp'n to Mot. to

7   Proceed Anonymously (#44) at 2).

8          Aggrieved by these actions, Moulton pursued five separate lawsuits (*Moulton I-V*)[1] in

9   this Court against Kern, all based upon the same underlying facts and arising from the same

10  transaction and events. (Compl. (#1) at 2-4).  These complaints were filed from November

11  2007 to February 2011 and all were dismissed in their entirety as meritless. (*Id.*).  The Court

12  further warned that if any additional suits were filed based on the same underlying facts,

13  Moulton would be ordered to show cause as to why sanctions should not be granted. (Order

14  (#44-1) at 2).

15         Kern then filed this complaint against Moulton in the District of Nevada on April 26,

16  2011, alleging five causes of action. (Compl. (#1)).  The first cause of action alleges abuse

17  of process and malicious prosecution based on the five actions Moulton filed against Kern over

18  the past four years. (*Id.* at 5).  The second cause of action alleges defamation per se, claiming

19  Moulton published false and defamatory statements regarding Kern. (*Id.* at 5-6).  The third

20  cause of action is for business disparagement and alleges Moulton published false and

21  disparaging statements concerning Gayle A. Kern, Ltd. (*Id.* at 6).  The fourth cause of action

22  alleges Moulton has publicly placed Kern in a false light that would be highly offensive and

23  objectionable to a reasonable person. (*Id.* at 7).  Finally, the fifth cause of action seeks

24  injunctive relief directing Moulton to "re-tract the statements she made about Kern and to

25

26         [1] These include Case No. 3:08-cv-176-RCJ-VPC (*Moulton I*), Case No. 3:08-cv-253-

27  RCJ-RAM (*Moulton II*), Case No. 3:09-cv-16-RCJ-VPC (*Moulton III*), Case No. 2:10-cv-2264-

28  PMP-GWF (*Moulton IV*), and Case No. 3:11-cv-87-RCJ-RAM (*Moulton V*).

1  prohibit Moulton from publishing further false and defamatory statements about Kern in the
2  future." (*Id.*). Kern further seeks general, special, and punitive damages in excess of $75,000
3  resulting from Moulton's conduct. (*Id.* at 8).

4      On September 22, 2011, Moulton—who is appearing pro se—filed a motion to proceed
5  anonymously. (Mot. to Proceed Anonymously (#42)). Moulton argues that because she is
6  alleging that Kern (1) conspired with others to harm her, (2) fraudulently obtained restraining
7  orders, and (3) engaged in perjury, she has reason to fear for her personal safety and should
8  be allowed to proceed under the pseudonym "Jane Doe." (*Id.* at 8-10).

9      On October 3, 2011, Moulton filed a motion to dismiss the complaint. (Mot. to Dismiss
10  (#45)). In her motion to dismiss, Moulton makes numerous contentions as to why the Court
11  should dismiss the complaint, ranging from failure to state a claim and immunity under the
12  Communications Decency Act to the fair use doctrine and violations of the Equal Protection
13  Clause of the United States Constitution. (*Id.* at 5-37).

14      On October 11, 2011, Moulton filed a motion for the disqualification of Chief Judge
15  Robert C. Jones in this action. (Mot. for Disqualification (#47)). Moulton contends Chief Judge
16  Jones should be disqualified from hearing this matter because he allowed Kern to commit
17  perjury in open court and may be called as a material witness to this perjury. (*Id.* at 10, 20).

18                                    **DISCUSSION**

19  I.    **Motion to Proceed Anonymously**

20      The public generally has a common law right of access to judicial proceedings. *Nixon*
21  *v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-99 (1978). Nevertheless, a court may permit
22  parties to proceed anonymously when special circumstances justify secrecy and the need for
23  unanimity outweighs any prejudice to the opposing party and the public's interest in knowing
24  the party's identity. *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067-68 (9th
25  Cir. 2000). Special circumstances exist when disclosure of the party's identity "is necessary
26  to protect a person from harassment, injury, ridicule or personal embarrassment." *Id.* at 1068
27  (quoting *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1981)). When a pseudonym
28  is used to shield a party from retaliation, the district court must analyze the following factors

                                        3

1   in determining whether the court should allow the party to proceed anonymously: (1) the

2   severity of the threatened harm; (2) the reasonableness of the anonymous party's fear; and

3   (3) the anonymous party's vulnerability to retaliation. (*Id.*).

4          The above factors for retaliation do not weigh in favor of allowing Moulton to proceed

5   anonymously. First, there is no threat of retaliation. Moulton seems to characterize herself as

6   a whistleblower and claims that Kern is conspiring with the police department of the City of

7   Sparks and others to harm Moulton, putting her at risk of "unlawful arrest and personal harm."

8   (Mot. to Proceed Anonymously (#42) at 9).    Yet in this action Moulton is not a

9   plaintiff/whistleblower, but rather a defendant in an action for defamation and abuse of

10  process.  This Court has repeatedly rejected Moulton's previous "whistleblower" claims, in

11  which she alleged the same parties she now fears will retaliate against her conspired to

12  threaten her with physical harm and other retaliatory actions. (*See Moulton I-V*). As Moulton

13  has presented no other evidence showing she is at risk of harm, this factor weighs in favor of

14  denying Moulton's motion to proceed anonymously.

15         Second, Moulton's fears of retaliation are not reasonable.  Moulton has provided no

16  evidence that she is at risk of harm or that threats have been made against her.  Furthermore,

17  Moulton previously filed five lawsuits in this Court stating the exact facts she now claims

18  subject her to risk of retaliation without any request for anonymity.  As Moulton has already

19  publicly alleged the same facts numerous times as a plaintiff without any resulting harm, it is

20  difficult to see why she is suddenly at risk now that she is named as a defendant in this matter.

21  Again, this is not a whistleblower case.  Moulton is the defendant and is not bringing any

22  affirmative matters against another party or being accused of conduct that would cause others

23  to retaliate against her.  Moulton's belief that she is at risk of retaliation is thus unreasonable.

24         Finally, it is not evident that Moulton is particularly vulnerable to retaliation.  Moulton has

25  failed to show that she is at risk of retaliation and that her fears are reasonable.  Yet even if

26  Moulton was at risk because she is named as a defendant in a case for defamation and abuse

27  of process, Moulton resides in California while the parties who she claims conspired to harm

28

4

her are all located in Nevada.[2] Moulton also has not alleged she has had any contact with the parties who are supposedly attempting to harm her.  Based upon these facts, Moulton is not significantly vulnerable to the "unlawful arrest and personal harm" that she fears.  (Mot. to Proceed Anonymously (#42) at 9).

As Moulton has failed to show special circumstances exist that would justify secrecy, Moulton's motion to proceed anonymously is denied.

## II.    Motion to Dismiss

Moulton has also filed a 45-page motion to dismiss, arguing that Kern has failed to state a claim on her causes of action and that the causes of action are barred for other various reasons.  (Mot. to Dismiss (#45)).  For the following reasons, this motion is granted in part and denied in part.

### A.    Failure to State a Claim

To avoid a Rule 12(b)(6) dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).  Although detailed factual allegations are not required, the factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  A pleading that offers merely "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* Nor does a complaint suffice if it only tenders "naked assertion[s]" that are devoid of "further factual enhancement." *Id.* at 557.

Kern has properly stated a claim for relief in her first cause of action for abuse of

---

[2] *See* Mot. to Quash (#21) at 9; Compl. (#1) at 1-2.  The parties Moulton asserts have conspired against her include the justice court and police department of the City of Sparks, Lakeside Plaza, and Kern.  (Mot. to Proceed Anonymously (#42) at 9).

1   process. To prevail on a claim of abuse of process, the plaintiff must show that the defendant

2   (1) had an ulterior purpose in bringing legal action other than resolving a legal dispute, and (2)

3   used the legal process in a manner that is not proper in the regular conduct of the proceeding.

4   *Exec. Mgmt., Ltd. v. Ticor Title Ins. Co.*, 963 P.2d 465, 478 (Nev. 1998).   Kern here has

5   properly alleged that Moulton had an ulterior purpose in bringing her five prior actions in this

6   Court. All of Moulton's prior actions had been dismissed, yet she continued to file complaints

7   against Kern based on the same underlying events.  As all of her prior complaints had been

8   dismissed as meritless, it is unlikely Moulton was bringing the complaints to resolve a valid

9   legal dispute, but rather to merely harass Kern for her role in the foreclosure.  Using the legal

10   process to harass a party is clearly not proper in the regular conduct of the proceeding.

11   Accordingly, Kern has adequately stated a claim for abuse of process.

12        Kern however has failed to state a claim in her remaining causes of action.   The

13   remaining independent causes of action for defamation per se, business disparagement, and

14   invasion of privacy/false light are all based on out-of-court statements published by Moulton

15   regarding Kern which she claims were false and defamatory.   (Compl. (#1) at 4).   The

16   complaint with regard to these claims contains nothing but formulaic recitations of the

17   elements of the listed causes of action and is completely void of any factual allegations that

18   would support these claims.  As opposed to her claim for abuse of process in which the

19   previous legal actions brought by Moulton are specifically identified, the complaint does not

20   identify a single statement made by Moulton that would support the causes of action. Because

21   the complaint does no more than recite the elements of the causes of action and is completely

22   devoid of factual allegations in support of these claims, the Court dismisses Kern's claims of

23   defamation per se, business disparagement, and invasion of privacy/false light.

24        Kern's final claim for injunctive relief is similarly dismissed.  A claim for injunctive relief

25   is a remedy and not an independent cause of action. *See In re Wal-Mart Wage & Hour Emp't*

26   *Practices Litig.*, 490 F.Supp.2d 1091, 1130 (D. Nev. 2007); *Miller v. MERSCORP, Inc.*, 2011

27   WL 6097751, at *8 (D. Nev. 2011); *Anderson v. Deutsche Bank Nat'l Trust Co.*, 2010 WL

28   4386958, at *5 (D. Nev. 2010).  In this case, the claim for injunctive relief requests that the

1   Court order "Defendant to re-tract the statements she has made about Kern and to prohibit

2   Defendant from publishing further false and defamatory statements about Kern in the future."

3   (Compl. (#1) at 7). As Kern is seeking injunctive relief with regard to the out-of-court false and

4   defamatory statements supposedly made by Moulton and not with regard to Moulton's filing

5   of additional complaints against Kern, the claim for injunctive relief is premised on Kern's

6   claims for defamation per se, business disparagement, and invasion of privacy/false light, and

7   not upon Kern's claim for abuse of process.  Because Kern has failed to state a claim for the

8   causes of action upon which the claim for injunctive relief is based, she has failed to state a

9   claim for injunctive relief as well, and the claim is consequently dismissed.

10        **B.    Remaining Arguments**

11        In Moulton's rambling motion to dismiss she states several other reasons that the

12   complaint should be dismissed. These reasons include: the Court lacks jurisdiction, the claims

13   are time barred, equal protection violations, the Communications Decency Act prohibits

14   liability, the action is barred by Nevada's anti-SLAPP statute, that Kern is a state actor and the

15   matter one of public interest, Noerr-Pennington immunity, fair use, innuendo is not defamation

16   per se, nonactionable opinion is protected, the statements were true, the false light claim is

17   duplicative, there is no actual malice, Kern engaged in abuse of process,  failure to plead

18   special damages, and that Kern has filed the complaint in retaliation to Moulton's whistleblower

19   complaints.  The majority of these claims merely recite the law and provide no substantive

20   arguments as to why they justify dismissal of the complaint.  Some of the claims have no

21   bearing on the issues presented in the complaint, such as the "arguments" for fair use and

22   equal protection violations. Because these claims do no more than recite the law and do not

23   provide any valid reasons for dismissing the remaining abuse of process claim at this time, the

24   abuse of process claims survives Moulton's motion to dismiss.

25   **III.    Motion for Disqualification**

26        Mouton has additionally filed a motion to disqualify Chief Judge Robert C. Jones from

27   adjudicating this case.  (Mot. to Recuse (#47)).  She argues that Chief Judge Jones should

28   recuse himself because (1) he allowed Kern to commit perjury in his courtroom without

7

1  sanctioning him—which (she claims) shows clear favoritism to Kern; (2) he has previously

2  adjudicated numerous cases in which Moulton was named as a party and is therefore "too

3  close to this present case to remain impartial"; and (3) because he may be called as a material

4  witness by Moulton to testify that Kern committed perjury in his courtroom.  (Mot. to Recuse

5  (#47) at 10,  20).  Kern argues that this motion is nothing more than a reiteration of a motion

6  to disqualify Chief Judge Jones that Moulton filed in *Moulton V*, which was denied by this Court

7  on March 10, 2011.  (Opp'n to Mot. to Recuse (#52) at 3; *Moulton V* (#37)).

8      A judge must disqualify himself "in any proceeding in which his impartiality might

9  reasonably be questioned," 28 U.S.C. § 455(a), where he has a bias or prejudice against a

10  party or personal knowledge of the facts of a case, *id.* § 455(b)(1), where he or a former

11  associate has previously served as a lawyer or witness in the matter, *id.* § 455(b)(2)-(3), where

12  he or a close family member has a financial interest in the matter or other interest that could

13  be substantially affected by the outcome, *id.* § 455(b)(4), or where he or certain family

14  members or their spouses are a party, lawyer, or witness in the proceeding or will be

15  substantially affected by the outcome, *id.* § 455(b)(5).

16      Moulton has failed to present any evidence that would satisfy any of the above

17  conditions requiring disqualification.  Moulton makes only conclusory allegations that Kern

18  committed perjury in this Court and that by not sanctioning Kern for committing perjury, Chief

19  Judge Jones has shown he is impartial.  Moulton never states what statements constitute

20  perjury, never establishes that any statement was false, and has failed to provide any support

21  for her assertion that the reason Kern was not sanctioned is because of impartiality on the part

22  of Chief Judge Jones.  Furthermore, Moulton continues to misconstrue the nature of this

23  action.  Moulton is not the plaintiff here and this matter does not concern whether Kern

24  committed perjury, but whether Moulton engaged in defamation and abuse of process.  Chief

25  Judge Jones is therefore not a material witness in the matter because this suit is not being

26  brought against Kern for perjury.  Moulton's motion for disqualification is accordingly denied.

27      Kern further contends in her opposition to Moulton's motion for disqualification that

28  because this motion is nothing more than a reiteration of previously litigated issues, Moulton

8

should be sanctioned under Fed. R. Civ. P. 11. (*Id.* at 3-4). Rule 11(b) provides that by presenting a pleading to the court, the party certifies to the best of their knowledge, after reasonable inquiry, that "it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." FED. R. CIV. P. 11(b)(1). The court may impose sanctions on any party it determines has violated Rule 11(b) so long as the party is given notice and a reasonable opportunity to respond. FED. R. CIV. P. 11(c)(1). Kern contends that Moulton's motion for disqualification sets forth no new facts or legal authority as to why the motion should be granted beyond what was argued and rejected in her motion for disqualification in *Moulton V*, and therefore seeks sanctions for the time and expense incurred in responding to this motion. (Opp'n to Mot. for Disqualification (#52) at 4).

Moulton's motion for disqualification essentially presents the same arguments that were rejected in Moulton's previous motion for disqualification. The only argument in her present motion that was not previously raised was the claim that Kern committed perjury without sanction in this Court. As stated above, this argument is unsupported and frivolous and is no more than another attempt to harass Kern and needlessly increase the cost of litigation. Although the Court presented Moulton with an opportunity to respond and to justify the filing at a hearing held on February 21, 2012, Moulton failed to appear. Accordingly, the Court orders sanctions against Moulton in favor of Kern in the amount of $500 to cover the costs of this frivolous motion. The Court further warns Moulton that she risks further sanctions by filing additional frivolous motions in this Court.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that Moulton's motions to proceed anonymously (#42) and for disqualification (#47) are denied.

IT IS FURTHER ORDERED that Moulton's motion to dismiss (#45) is granted in part and denied in part. Specifically, the motion is denied with regard to Kern's claim for abuse of process, but is granted with regard to Kern's claims for defamation per se, business disparagement, invasion of privacy/false light, and injunctive relief.

IT IS FURTHER ORDERED that Kern is awarded sanctions in the amount of $500

1    against Moulton to cover the costs of responding to Moulton's baseless and repetitive motion

2    for disqualification.

3           DATED:  This 11th day of May, 2012.

4

5

6                                            _____
                                             United States District Judge
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                             10