UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| GAYLE A. KERN et al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | 3:11-cv-00296-RCJ-PAL |
| SHERYL MOULTON, | ) | **ORDER** |
| Defendant. | ) | |

This is a nonstandard residential foreclosure case. Two motions are currently pending before this Court, both of which request the Court to quash service of process, dismiss the complaint, or transfer the case to the Northern District of California. For the reasons set forth below, both of the defendant's motions to quash, dismiss, or transfer are denied.

## I.     FACTS AND PROCEDURAL HISTORY

Plaintiff Gayle A. Kern, a Nevada resident, is an attorney and sole owner of Gayle A. Kern, Ltd., a Nevada limited liability company doing business as Kern & Associates. (Compl. 1, Apr. 26, 2011, ECF No. 1). Kern represents various homeowners, condominium associations, and their boards of directors, including Lakeside Plaza Condominium Association ("Lakeside Plaza") and Salem Plaza Condominium Association ("Salem Plaza"). (*Id.*). Part of her legal duties in representing these clients is to initiate foreclosure proceedings on their behalf. Defendant Sheryl Moulton, a California resident, was a property owner and member of both Lakeside Plaza and Salem

Plaza and became delinquent on payments owed to the associations. (*Id.* at 2). As a result, Kern was asked to initiate foreclosure proceedings against Defendant's properties.

Aggrieved by these actions, Moulton filed five separate lawsuits in federal court against Kern. (*Id.*). The first lawsuit was filed on November 20, 2007 in the Northern District of California, but that case was subsequently transferred to this District because of the direct and extensive relationship between the claims and the State of Nevada. (*Id.* at 3). All claims in the first action were dismissed on November 29, 2010. (*Id.*). Between May of 2008 and February of 2011, Moulton filed four additional lawsuits in this District against Kern, all of which were dismissed. (*Id.* at 3–4). In the most recent action, Case No. 3:11-cv-00087-RCJ-RAM ("*Moulton V*"), Kern filed counterclaims against Moulton for abuse of process, business disparagement, and false light, but the case was dismissed on March 11, 2011 before Kern's counterclaims were adjudicated. (*Id.* at 3).

Plaintiff then filed the present diversity action in this Court on April 26, 2011, listing five causes of action: (1) abuse of process and malicious prosecution; (2) defamation per se; (3) business disparagement; (4) false light; and (5) injunctive relief. The Court denied Plaintiffs' motion for a temporary restraining order after a hearing at which Defendant failed to appear. Plaintiff then withdrew her motion for a preliminary injunction before the scheduled hearing. The Court denied Defendant's two motions to quash, dismiss, or transfer, rejecting Defendant's arguments concerning subject matter jurisdiction, personal jurisdiction, improper venue, improper service of process, and failure to state a claim. The Court of Appeals denied Defendant's petition for mandamus. The Court later denied Defendant's motion to proceed anonymously and her motion for recusal (which Defendant had labeled as a "motion to disqualify"), but granted in part her motion to dismiss, dismissing the claims for defamation per se, business disparagement, invasion of privacy, false light, and injunctive relief, leaving only the claim for abuse of process. The Court awarded Plaintiffs $500 in sanctions against Defendant to ameliorate the costs of having to respond to the baseless, repetitive recusal motion. The Clerk later entered default against Defendant, and the Court of Appeals dismissed her appeal of the entry of default for lack of jurisdiction.

Six motions are pending before the Court. First and Second, Defendant has filed a "Motion for Panel Reconsideration" and for a transfer based upon the *forum non conveniens* doctrine. Third,

Defendant has filed a motion for exemption from the PACER user fee.  Fourth, Defendant has filed a "Motion for E-Filing."  Fifth, Plaintiffs have filed a motion for default judgment.  Sixth, Defendant has filed a motion for stay pending appeal.

## II.     DISCUSSION

First, the Court denies the motions for panel reconsideration.  Defendant invokes 38 U.S.C. § 35, but there is no such section of the United States Code.  Insofar as Defendant means to request a rehearing by the Court of Appeals as to her appeal of the Clerk's entry of default, this Court has no jurisdiction to rule on the motion.

Second, the Court denies the motion for transfer based upon 28 U.S.C. 1404(a) or the doctrine of *forum non conveniens*.  The Court has already ruled against Defendant on these issues and declines to reconsider. (*See* Order 9–10, Dec. 7, 2011, ECF No. 61).

Third, the Court denies the motion for exemption from the PACER user fee.  Defendant has access to CM/ECF.  The magistrate judge long ago granted Defendant permission to use the CM/ECF system, but Defendant herself later asked for permission not to use the system, but rather to file manually, apparently because she did not wish to complete the CM/ECF tutorial as required by the magistrate judge as a condition of using CM/ECF.  The magistrate judge granted Defendant's request, permitting her to file either manually or via CM/ECF, but maintaining the requirement that she complete the tutorial before filing in CM/ECF.

Fourth, the Court denies the motion for e-filing.  Defendant already has permission to file in the CM/ECF system, but she must complete the CM/ECF tutorial, as required by the magistrate judge.  The Court will not overrule this condition.

Fifth, the Court denies the motion for default judgment.  Defendant has not formally answered, but she has sufficiently appeared, defended, and disputed the issues so as to be entitled to dispute the merits on summary judgment or at trial.

Sixth, the Court denies the motion for stay pending reconsideration and appeal.  The Court has entered no judgment to stay.  There is not yet jurisdiction for any appeal pursuant to 28 U.S.C. § 1291, and the Court will neither certify any issues for immediate appeal under Rule 54 or 28 U.S.C. § 1292(b), nor will it reconsider its previous rulings at this time.  The Court will not hear oral

argument on a motion to reconsider.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion for Panel Rehearing (ECF No. 69) is DENIED.

IT IS FURTHER ORDERED that the Motion for Transfer (ECF No. 70) is DENIED.

IT IS FURTHER ORDERED that the Motion for Exemption from the PACER User Fee (ECF No. 77) is DENIED.

IT IS FURTHER ORDERED that the Motion for E-Filing (ECF No. 78) is DENIED.

IT IS FURTHER ORDERED that the Motion for Default Judgment (ECF No. 82) is DENIED.

IT IS FURTHER ORDERED that the Motion for Stay Pending Reconsideration and Appeal (ECF No. 84) is DENIED.

IT IS SO ORDERED

DATED: This 18th day of October, 2012.

_____
ROBERT C. JONES
United States District Judge