UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GALE A. KERN et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | 3:11-cv-00296-RCJ-PAL |
| vs. ) | |
| ) | |
| SHERYL MOULTON, ) | **ORDER** |
| ) | |
| Defendant. ) | |
| ) | |

This is a malicious prosecution case. Pending before the Court is a Motion for Summary Judgment (ECF No. 88). For the reasons given herein, the Court denies the motion.

I.      FACTS AND PROCEDURAL HISTORY

Plaintiff Gayle A. Kern, a Nevada resident, is an attorney and sole owner of Gayle A. Kern, Ltd., a Nevada limited liability company doing business as Kern & Associates. (Compl. 1, Apr. 26, 2011, ECF No. 1). Kern represents various homeowners, condominium associations, and their boards of directors, including Lakeside Plaza Condominium Association ("Lakeside Plaza") and Salem Plaza Condominium Association ("Salem Plaza"). Part of her legal duties in representing these clients is to initiate foreclosure proceedings on their behalf. Defendant Sheryl Moulton, a California resident, was a property owner and member of both Lakeside Plaza and Salem Plaza and became delinquent on payments owed to the associations. As a result, Kern was asked to initiate foreclosure proceedings against Defendant's properties.

1    Aggrieved by these actions, Moulton filed five separate lawsuits in federal court against
2 Kern, *inter alios*. (*Id.* at 2–4). The first lawsuit was filed on November 20, 2007 in the Northern
3 District of California, but the case was subsequently transferred to this District because of the
4 direct and extensive relationship between the claims and the State of Nevada.[1] All claims in the
5 first action were dismissed on November 29, 2010. Between May of 2008 and February of 2011,
6 Moulton filed four additional lawsuits in this District against Kern, all of which were dismissed.
7 In the most recent action, Case No. 3:11-cv-00087-RCJ-RAM ("*Moulton V*"), Kern filed
8 counterclaims against Moulton for abuse of process, business disparagement, and false light, but
9 the case was dismissed on March 11, 2011 before Kern's counterclaims were adjudicated.

10   Plaintiff then filed the present diversity action in this Court on April 26, 2011, listing five
11 causes of action: (1) abuse of process and malicious prosecution;[2] (2) defamation per se; (3)
12 business disparagement; (4) false light; and (5) injunctive relief. The Court denied Plaintiffs'
13 motion for a temporary restraining order after a hearing at which Defendant failed to appear.
14 Plaintiff then withdrew her motion for a preliminary injunction before the scheduled hearing.
15 The Court denied Defendant's two motions to quash, dismiss, or transfer, rejecting Defendant's
16 arguments concerning subject matter jurisdiction, personal jurisdiction, improper venue,
17 improper service of process, and failure to state a claim. The Court of Appeals denied
18 Defendant's petition for mandamus. The Court later denied Defendant's motion to proceed
19 anonymously and her motion for recusal, but granted in part her motion to dismiss, dismissing
20 the claims for defamation per se, business disparagement, invasion of privacy, false light, and
21 injunctive relief, leaving only the claim for abuse of process and malicious prosecution. The
22 Court awarded Plaintiffs $500 in sanctions against Defendant to ameliorate the costs of having to

---

[1] The Court takes judicial notice of its docket.

[2] In Nevada, the tort of malicious prosecution applies only to maliciously prosecuted criminal proceedings; the tort of abuse of process is reserved for maliciously instituted civil proceedings. *See Lamantia v. Redisi*, 38 P.3d 877, 880 (Nev. 2002).

respond to the baseless, repetitive recusal motion. The Clerk later entered default against Defendant, and the Court of Appeals dismissed her appeal of the entry of default for lack of jurisdiction. The Court denied Defendant's motions for panel reconsideration directed to this Court, another motion to transfer, a motion for exemption from the PACER user fee, a motion for e-filing, a motion for default judgment and a motion for stay pending reconsideration and appeal. Plaintiffs have now moved for offensive summary judgment on the remaining claim for abuse of process.

## II. LEGAL STANDARDS

A court must grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.* A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). In determining summary judgment, a court uses a burden-shifting scheme:

> When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case.

*C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations and internal quotation marks omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See*

*Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party meets its initial burden, the burden then shifts to the opposing party to establish a genuine issue of material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations unsupported by facts. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See* Fed. R. Civ. P. 56(e); *Celotex Corp.*, 477 U.S. at 324.

At the summary judgment stage, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

## III.   ANALYSIS

"[T]he elements of an abuse of process claim are: '(1) an ulterior purpose by the defendants other than resolving a legal dispute, and (2) a willful act in the use of the legal process not proper in the regular conduct of the proceeding.'" *LaMantia*, 38 P.3d at 879 (quoting *Posadas v. City of Reno*, 851 P.2d 438, 444–45 (Nev. 1993) (quoting *Kovacs v. Acosta*, 787 P.2d 368, 369 (Nev. 1990))). Plaintiffs adduce in support the affidavit of Alice Campos Mercado,

Plaintiffs' counsel in several of the lawsuits forming the basis for the present claim. (*See* Mercado Aff. ¶ 1, Sept. 7, 2012, ECF No. 88-1). Mercado attests to facts concerning the lawsuits by Defendant against Plaintiffs that are already judicially noticeable. (*See id.* ¶ 3). She also attests as to the damages issue, i.e., the fees incurred by Plaintiffs due to the malicious prosecutions. Attorney's fees and other expenses incurred in defending wrongfully instituted civil litigation are properly awarded as a measure of damages caused by the tort of abuse of process. Dan. B. Dobbs, *The Law of Torts* § 440, at 1241–42 (2000). Mercado attests to 135.6 hours of attorney labor at $175 per hour and 27.2 hours at $135 per hour, totaling $30,574.72. This proves the damages, and Defendant has provided no contrary evidence in opposition.

The Court finds that Plaintiffs are not entitled to summary judgment. Although there is no question of fact that at least the second through fifth (repetitive) actions were instituted for the ulterior purposes of delay and harassment, Plaintiffs have provided no evidence of "a willful act in the use of the legal process not proper in the regular conduct of the proceeding." This showing is *in addition to* a showing of an ulterior purpose for the litigation. Unlike a malicious prosecution claim, which, critically, lies only for maliciously prosecuted *criminal* actions in Nevada, an abuse of process claim requires that in addition to an improper purpose, there must be an improper use of legal process, which is typically taken to mean not merely the malicious filing of unmeritorious complaints but the use of "summons[es], subpoenas, attachments, garnishments, replevin . . ., arrest . . ., injunctive orders, and other orders directly affecting obligations of persons or rights in property." Dobbs, § 438, at 1235–36. Plaintiffs have adduced no evidence of Defendant's abuse of such processes that would entitle them to a directed verdict were the evidence to go uncontroverted at trial, and they have therefore not satisfied their initial burden on summary judgment. The Nevada Supreme Court's discussion of the malicious prosecution and abuse of process torts in *LaMantia* makes clear that the Court has declined, when presented with the opportunity, to recognize the separate tort of wrongful litigation, 38

1  P.3d at 879–80, which tort usually mirrors the malicious prosecution tort except that it is brought
2  for wrongfully instituted civil actions, *see* Dobbs § 436, at 1228–29, and under which Plaintiffs
3  might be entitled to offensive summary judgment, at least in part, in the present case.

4        The Court does not mean to condone Defendant's litigation tactics, but the Nevada courts
5  simply do not recognize the wrongful litigation tort, which is perhaps the cause of action
6  Plaintiffs meant to imply by giving the first cause of action the hybrid title of "abuse of
7  process/malicious prosecution." An civil defendant in Nevada aggrieved by a maliciously
8  prosecuted lawsuit must seek sanctions directly in the underlying action and otherwise only has
9  recourse to the abuse of process tort. That tort is too narrow to encompass claims based upon the
10 mere malicious filing of an unmeritorious lawsuit. *See id.* § 438, at 1235–36.

## CONCLUSION

12       IT IS HEREBY ORDERED that the Motion for Summary Judgment (ECF No. 88) is
13 DENIED.

14       IT IS SO ORDERED.

15 Dated this 30th day of August, 2013.

_____
ROBERT C. JONES
United States District Judge