**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| GAYLE A. KERN et al., | |
| Plaintiffs, | |
| vs. | 3:11-cv-00296-RCJ-PAL |
| SHERYL MOULTON, | **ORDER** |
| Defendant. | |

This is a malicious prosecution case. Pending before the Court is a Motion to Vacate (ECF Nos. 105, 106).[1] For the reasons given herein, the Court denies the motion.

### I.  FACTS AND PROCEDURAL HISTORY

Plaintiff Gayle A. Kern, a Nevada resident, is an attorney and sole owner of Gayle A. Kern, Ltd., a Nevada limited liability company doing business as Kern & Associates. (Compl. 1, Apr. 26, 2011, ECF No. 1). Kern represents various homeowners, condominium associations, and their boards of directors, including Lakeside Plaza Condominium Association ("Lakeside Plaza") and Salem Plaza Condominium Association ("Salem Plaza"). Part of her legal duties in representing these clients is to initiate foreclosure proceedings on their behalf. Defendant Sheryl Moulton, a California resident, was a property owner and member of both Lakeside Plaza and Salem Plaza and became delinquent on payments owed to the associations. As a result, Kern was asked to initiate foreclosure proceedings against Defendant's properties.

---

[1] Defendant filed two motions which are exact copies of each other.

1

1    Aggrieved by these actions, Moulton filed five separate lawsuits in federal court against
2 Kern, inter alios. (*Id.* at 2–4). All claims in the first action were dismissed on November 29,
3 2010. Between May of 2008 and February of 2011, Moulton filed four additional lawsuits in this
4 District against Kern, all of which were dismissed. In the most recent action, Case No. 3:11-cv-
5 00087-RCJ-RAM ("Moulton V"), Kern filed counterclaims against Moulton for abuse of
6 process, business disparagement, and false light, but the case was dismissed on March 11, 2011
7 before Kern's counterclaims were adjudicated.

8    Plaintiffs then filed the present diversity action in this Court on April 26, 2011, alleging
9 various claims, including malicious prosecution. On February 10, 2015, the Court granted
10 Plaintiffs' motion for summary judgment and entered judgment in favor of Plaintiffs in the
11 amount of $30,574.72 plus interest. Defendant now moves the Court to vacate all of the Court's
12 orders in the case and, particularly, its orders of May 11, 2012 (ECF No. 67) and February 10,
13 2015 (ECF No. 102).

## II.    LEGAL STANDARDS

15    Granting a motion to reconsider is an "extraordinary remedy, to be used sparingly in the
16 interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934,
17 945 (9th Cir. 2003) (quoting 12 James Wm. Moore et al., Moore's Federal Practice § 59.30[4]
18 (3d ed. 2000)). A motion to reconsider "may not be used to raise arguments or present evidence
19 for the first time when they could reasonably have been raised earlier in the litigation." *Id.*
20 "Reconsideration is appropriate if the district court (1) is presented with newly discovered
21 evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is
22 an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS,*
23 *Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); Fed. R. Civ. P. 60(b). In some cases, "other, highly

2

unusual, circumstances" may warrant reconsideration." *ACandS*, 5 F.3d at 1263. "A motion under Rule 60(b) must be made within a reasonable time . . . [and] no more than a year after the entry of the judgment or order." Fed. R. Civ. P. 60(c)(1).

### III.    ANALYSIS

Defendant asks the Court to set aside its orders pursuant to Rules 55 and 60(b). Rule 55 does not apply because the Court did not enter default judgment against either party. Under Rule 60(b), only the Court's orders of February 10, 2015 (ECF Nos. 101, 102) are at issue because a party must make a motion within one year of an order, and Defendant filed her motion on February 9, 2016. All other orders were entered prior to February 9, 2015.

Defendant argues Judge Jones should have recused himself from the case under 28 U.S.C. § 455(b)(4) and § 455(a) because of an alleged financial interest in the case. Judge Jones has no interest in the controversy that would have disqualified him from adjudicating the case. Defendant also argues the Court lacks personal jurisdiction, but the Court has previously rejected Defendant's argument and finds no reason to reconsider its decision. Finally, Defendant invokes the doctrine of judicial estoppel but offers no basis for applying it to the case. The Court denies the motion.

### CONCLUSION

IT IS HEREBY ORDERED that Plaintiff's Motion to Vacate (ECF Nos. 105, 106) is DENIED.

IT IS SO ORDERED.

DATED: This 10th day of March, 2016.

_____
ROBERT C. JONES
United States District Judge